United States District Court for the District of Maryland
Case No. 23-2299-BAH
Argued: December 10, 2024

IN THE SUPREME COURT

OF MARYLAND

Misc. No. 5

September Term, 2024

_____

DONALD S. WILLEY, ET AL.

v.

ANTHONY G. BROWN, ET AL.

_____

Fader, C.J.,
Watts,
Booth,
Biran,
Gould,
Eaves,
Killough,

JJ.
_____

PER CURIAM ORDER
_____

Filed: December 30, 2024

|  |  |
|---|---|
| DONALD S. WILLEY, ET AL. | * IN THE |
|  | * |
|  | * SUPREME COURT |
| v. | * |
|  | * OF MARYLAND |
| ANTHONY G. BROWN, ET AL. | * |
|  | * Misc. No. 5 |
|  | * |
|  | * September Term, 2024 |
|  | * |

PER CURIAM ORDER

Upon consideration of the filings by appellants Donald S. Willey, et al.[1] and appellees Anthony G. Brown, et al. (the "State Defendants")[2] and oral argument conducted on December 10, 2024,

Whereas, on July 25, 2024, pursuant to § 12-603 of the Courts and Judicial Proceedings Article, the United States District Court for the District of Maryland certified questions of Maryland law concerning Extreme Risk Protective Orders ("ERPO");

Whereas, the certified questions were:

> (1) What legal standard does the term "reasonable grounds" connote in the Maryland RFL, codified in Title Five of the Public Safety Article of Maryland Annotated Code?
>
> (2) Does the statute permit an ERPO to issue upon a standard less than probable cause?

Whereas, as a premise of its certification, the District Court observed that: "[State] Defendants have not argued for the applicability of any recognized exception to the warrant

---

[1] Appellants are Donald S. Willey and the Second Amendment Foundation.

[2] Appellees are the Anthony G. Brown, James W. Phillips, Jr., Dorchester County, and Susan E. Webb.

requirement, nor do they contest that the ERPO is effectively a warrant," *Willey v. Brown*, No. 23-2299-BAH, slip op. at 16 (D. Md. July 25, 2024);

Whereas, on August 13, 2024, this Court accepted the certified questions;

Whereas, the questions were certified to and accepted by this Court with the understanding that the State Defendants' position was that an ERPO is "effectively a warrant." That understanding was premised on the apparent mutual position of the parties, not a legal conclusion reached by the District Court;

Whereas, before this Court, the State Defendants changed their positions in at least two important respects that implicate the premises on which the District Court certified, and this Court accepted, the certified questions. First, the State Defendants no longer argue, as they did before the District Court, that the phrase "reasonable grounds" in the ERPO statute means "probable cause." The State Defendants now argue that "reasonable grounds" is a general reference to the Fourth Amendment's overall reasonableness standard, and that it can be less than probable cause. Second, in briefing and oral argument, the State Defendants now argue that an ERPO is not actually or effectively a warrant. *See* Brief for Appellees at 11-12, 17-22, *Willey v. Brown*, Misc. No. 5, Md. Sept. Term, 2024 (arguing that "reasonable grounds" refers to the reasonableness prong of the Fourth Amendment, not the warrant clause requiring probable cause, and comparing ERPOs to exceptions—such as the "emergency aid" doctrine or "special needs" doctrine—that allow for seizures without a warrant); Oral Argument at 17:36 ("This is not a warrant.");

Whereas, given the State Defendants' changes in position, especially concerning whether an ERPO is effectively a warrant, this Court is no longer sure that the underlying

2

premises on which the District Court certified its questions remain valid, or that the District Court would have certified the questions to this Court in the manner in which they are formulated;

Whereas, specifically, the resolution of a legal question that has not been decided by the District Court—based on apparent agreement between the parties that no longer exists—and was not certified to this Court may be relevant to this Court's answers to the certified questions;

Whereas, in answering certified questions, "this Court's statutorily prescribed role is to determine only questions of Maryland law," and we "may go no further than the question certified." *See United Bank v. Buckingham*, 472 Md. 407, 421 (2021) (citations and quotations omitted); and

Whereas, it is no longer apparent to this Court that the District Court would have certified the questions in the current posture of the case or that this Court is capable of answering the questions without also resolving a question that was not certified to it;

Now, therefore, it is this 30th day of December, 2024, by the Supreme Court of Maryland, a majority of the Court concurring,

ORDERED, that the certified questions are returned to the United States District Court for further consideration in that Court in light of the State Defendants' changes in position and the current posture of the case.

  /s/ Matthew J. Fader
Chief Justice
